**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JAMES ALLEN MORRIS**                                                                        **PETITIONER**

**V.**                                                                        **NO. 4:14-CV-43-DMB-SAA**

**STATE OF MISSISSIPPI**                                                           **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *pro se* petition of James Allen Morris for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 1982 sentence for aggravated assault. Respondent has moved to dismiss the petition as time-barred pursuant to § 2244(d), and Morris has responded. This matter is now ripe for resolution. For the reasons set forth below, the respondent's motion is granted, and the instant petition will be dismissed with prejudice.

**Discussion**

Whether Respondent's motion should be granted turns on the timeliness of Morris' § 2254 petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

>     to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* § 2244(d)(2).

James Allen Morris pleaded guilty to aggravated assault in the Circuit Court of Sunflower County, Mississippi, and was sentenced on October 28, 1982, to serve a term of three years in the Mississippi Department of Corrections. *See* Answer at Ex. A. Morris' conviction became final on November 29, 1982, thirty days after he was sentenced on his guilty plea.[1] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that judgment becomes final at conclusion of direct review or "when the time for seeking further direct review" in state court expires).

Federal habeas applicants whose conviction became final prior to AEDPA's effective date are entitled to a one-year grace period to file for federal habeas relief. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The AEDPA became effective on April 24, 1996. *Id.* Therefore, Morris must have submitted a "properly filed" application in State court on or before April 24, 1997, to toll the federal limitations period.

---

[1] At the time Morris entered his guilty plea, Mississippi law allowed an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *See, e.g., Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989). This exception no longer applies to guilty pleas taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010).

Morris did not file any post-conviction motions with the Mississippi Supreme Court between April 24, 1996, and April 24, 1997.[2] Accordingly, the tolling provision of § 2244(d)(2) is not applicable in this case.

Morris' federal habeas petition was "filed" sometime between the date it was signed on March 14, 2014, and the date it was received in this Court on March 18, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that "mailbox rule" deems *pro se* prisoner's petition filed on date it is delivered to prison officials for mailing). Either date is well past the one-year statute of limitations imposed by the AEDPA, which expired in this case on April 24, 1997.

The Court notes that in "rare and exceptional circumstances," the federal limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). The Court finds that no such circumstances exist in this case, and equitable tolling is not warranted. Therefore, the instant petition will be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Morris' petition for writ of habeas corpus is rejected on procedural grounds, he is not entitled to a COA unless he demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[2] Morris filed various petitions and appeals in State court well after the expiration of the federal limitations period. *See, e.g.*, Answer at Exs. B, C, D, E, F, and G.

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, Respondent's Motion to Dismiss is **GRANTED**, and the petition filed in this cause is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**, as Morris failed to show his petition was timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 24th day of July, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**